UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Franklin E. Peters

    v.                         Civil No. 14-cv-208-JD

Warden, Northern New Hampshire
Correctional Facility

O R D E R

    Franklin E. Peters, proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2254 from his convictions and sentence for aggravated felonious sexual assault and misdemeanor sexual assault.  The Warden moves to dismiss the petition for a writ of habeas corpus on the ground that it is untimely.  Peters did not file a response to the motion to dismiss.

Discussion

    Relief under § 2254 is subject to the time limitations imposed by 28 U.S.C. § 2244(d).  Drew v. MacEachern, 620 F.3d 16, 19 (1st Cir. 2010).  Section 2244(d) provides a one-year limitations period that begins from the latest of the following dates:  the date when the judgment became final; the date when any impediment preventing an application for habeas corpus relief, which was imposed by state action in violation of the Constitution or federal law, is removed; the date when the asserted constitutional right was first recognized by the Supreme Court and was made retroactively available for habeas review; or

the date on which the factual predicate for the claim could have been discovered through due diligence.  The one-year period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).

Peters asserts that his trial counsel's representation was constitutionally ineffective because counsel did not obtain statements made by the accuser to the police, did not adequately investigate the case, did not interview or call exculpatory witnesses, did not obtain a handwriting expert, and failed to consult with him before and during trial.  Peters does not raise issues about any impediment to bringing a habeas petition, a recently recognized constitutional right, or newly discovered facts.  Therefore, the applicable date for the one-year limitations period is the date when the judgment became final.

For purposes of § 2244(d)(1), a judgment becomes final "by the conclusion of direct review or the expiration of time for seeking such review."  § 2244(d)(1)(A).  That means that when a state prisoner seeks review in the state's highest court the judgment becomes final either at the conclusion of review by the United States Supreme Court or by the expiration of time to seek review by the Supreme Court.  <u>Gonzalez v. Thaler</u>, 132 S. Ct. 641, 653-54 (2012).

In this case, Peters was convicted on all charges by a jury verdict and was sentenced on August 6, 2008.  He filed an appeal

with the New Hampshire Supreme Court, and that court affirmed his conviction on June 25, 2009. Because Peters did not seek a writ of certiorari, the judgment became final when the time to do so expired, which was ninety days after the New Hampshire Supreme Court issued its decision. See id.; Mecca v. Corbett, 2013 WL 773068, at *1 (D. Mass. Jan. 15, 2013).

Peters filed several motions for post-conviction relief in his criminal case in Belknap Superior Court. In 2009, he filed a motion for a transcript, a motion to reconsider the denial of that motion, and an appeal to the New Hampshire Supreme Court, which was declined. In March of 2010, he filed a motion for a new trial, which was denied, and he filed a second motion for a new trial in June of 2010, which was denied in December of 2010. His motion for reconsideration was denied in January of 2011. While those motions were pending in his state criminal case, Peters filed an earlier application for habeas corpus relief in this court, Peters v. Warden, Northern New Hampshire Correctional Facility, 10-fp-234, which was terminated on September 23, 2010, when Peters failed to pay the filing fee or move to proceed in forma pauperis. The one-year limitations period was tolled, temporarily, while each of those motions was pending. § 2244(d)(2).

After his motion to reconsider was denied by the Belknap Superior Court in January of 2011, Peters did not file another

motion until May 29, 2012.[1]  Approximately sixteen months passed when no motions were pending.  Therefore, the limitations period for filing a petition for habeas corpus relief in this court expired during that time.  Peters did not file his petition in this court until May 7, 2014.

Peters filed a motion for services in his criminal case on May 29, 2012, followed by motions to compel in 2012 and 2013, and he filed a petition for a writ of habeas corpus in Coos County Superior Court on September 18, 2013.  By May of 2012, however, the limitations period had expired.  The later filings do not revive the limitations period.  Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007).  Peters has not shown extraordinary circumstances that would support equitable tolling in this case. See Drew, 620 F.3d at 23; Trapp, 479 F.3d at 59-60.

## Conclusion

For the foregoing reasons, the Warden's motion to dismiss (document no. 14) is granted.  The petition for a writ of habeas corpus (document no. 1) is dismissed as untimely filed.

As Peters has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

---

[1] The Belknap County Superior Court docket for Peters's criminal case provides the chronology of his filings there. Peters does not dispute the Belknap Superior Court docket and has not submitted any filings that he made in any case between January of 2011 and May 29, 2012.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                                                                             _____
Joseph A. DiClerico, Jr.
United States District Judge

January 15, 2015

cc:   Franklin E. Peters, pro se
       Elizabeth C. Woodcock, Esq.